**DODEZ v. WEYGANDT et al.**

No. 10775.

United States Court of Appeals
Sixth Circuit.

May 2, 1949.

Hayden C. Covington, of Brooklyn, N. Y. (Hayden C. Covington, of Brooklyn, N. Y., and Victor F. Schmidt, of Rossmoyne, Ohio, on the brief), for appellant.

Frank E. Steel, of Cleveland, Ohio (Don C. Miller and Frank E. Steel, both of Cleveland, Ohio, on the brief), for appellees.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This action, sounding in damages, was brought by appellant in the United States District Court for the Northern District of Ohio against the individual members of selective service local and appeal boards. It stems from the rejection of appellant's claim for exemption from military service as a minister of religion.

The complaint charged that there was no evidence before the officials to support their findings, classification and acts; that they acted arbitrarily and capriciously, grossly abused their discretion, illegally used their powers, disregarded the proof submitted by appellant that he was a minister of religion within the meaning of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and the regulations thereunder; that their findings were contrary to undisputed evidence showing the appellant to be a minister of religion; that they were prejudiced against and discriminated against appellant because of his creed and faith as a Jehovah's Witness; and that the board members otherwise departed from applicable rules of procedural law and administrative regulations.

It was averred that appellant was denied his civil rights, liberty, privileges and immunities contrary to the Civil Rights Act of 1870, 8 U.S.C.A. §§ 31, 41 et seq., and without due process of law in contravention of the Fifth Amendment to the Constitution of the United States. The complaint alleges that acts and conduct of appellees resulted in appellant's arrest and malicious prosecution, without probable cause.

The appellees, through the United States Attorney for the district in which the action was brought, moved to dismiss the complaint because it does not state a cause of action. Upon the authority of the opinion in Gibson v. Reynolds, D.C.W.D.Ark., 77 F.Supp. 629, the United States District Judge dismissed the action. The decision of District Judge John E. Miller in Gib-

son v. Reynolds, supra, was affirmed by the Court of Appeals for the Eighth Circuit in an opinion by Judge Collet, reported in 172 F.2d 95.

Inasmuch as we are in accord with the reasoning of both opinions in Gibson v. Reynolds, and have reached the same conclusion therein announced; and there being admittedly no differentiating allegations presented in the complaint in the instant case from those of the plaintiff in Gibson v. Reynolds, we see no occasion for the writing of an additional opinion upon the subject matter. In our view, persons serving as duly constituted members of selected service boards do not come within the category of individuals functioning solely in ministerial and executive positions, but rather of quasi judicial officers clothed with the immunity of judicial officers from damage suits of the present character.

The judgment of the district court is affirmed.